

NORTHERN DISTRICT OF TEXAS

**ENTERED**

**TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

*[signature]*

**Signed October 30, 2009**                                    **United States Bankruptcy Judge**

---

DDIS 0013.000210

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

IN RE:
BRANDON LEE BERRYMAN                    CASE NO: 04-70870-HDH-13
STEPHANIE LOUISE BERRYMAN                DEBTOR ATTY: MONTE J WHITE
209 S AVE B LOT #24
                                        DATED: October 29, 2009
BURKBURNETT TX 76354

**ORDER DISCHARGING DEBTOR AFTER COMPLETION OF CHAPTER 13 PLAN**

The court finds that the debtor(s) filed a petition under title 11, United States Code, on October 7, 2004, that the debtor's plan has been confirmed, and that the debtor(s) have fulfilled all requirements under the plan.

**IT IS ORDERED THAT**:

1. Pursuant to 11 U.S.C. 1322(a), the debtor is discharged from all debts provided for by the plan or disallowed under 11 U.S.C. 102, except any debt:

   a. provided for under 11 U.S.C. 1322(b) (5) and on which the last payment is due after the date on which the final payment under the plan was due;

   b. in the nature of alimony to, maintenance for or support of a spouse, or former spouse, or child of the debtor in connection with a separation agreement, divorce decree or other order of a court of record, or property settlement agreement, as specified in 11 U.S.C., Section 523 (a) (5);

   c. for a student loan or educational benefit overpayment as specified in 11 U.S.C. 523(a) (8);

   d. for a death or personal injury caused by the debtor's unlawful operation of a motor vehicle while intoxicated from using alcohol, a drug, or any other substance, as specified, in 11 U.S.C. 523(a) (9), in a case commenced on or after November 15, 1990; or

   e. for restitution included in a sentence on the debtor's conviction of a crime, in a case filed on or after November 15, 1990.

CASE NO: 04-70870-HDH-13
Page two

    f. for a fine included in a sentence on the debtor's(s) conviction of a crime, in a case commenced on or after October 22, 1994.

2. Pursuant to 11 U.S.C. 1328(d), the debtor is not discharged from any debt based on an allowed claim filed under 11 U.S.C. 1305(a) (2) if prior approval by the trustee of the debtor's incurring such debt was practicable and was not obtained.

3. Notwithstanding the provisions of title 11, United States Code, the debtor is not discharged from any debt made non-dischargeable by 18 U.S.C. 3613 (f), by certain provisions of titles 10, 37, 38, 42, and 50 of the United States Code, or by any other applicable provision of law.

4. All creditors are prohibited from attempting to collect any debt that has been discharged in this case.

# # # End of Order # # #

__/s/ Walter O'Cheskey___
Walter O'Cheskey, Chapter 13 Trustee
6308 Iola Avenue,
Lubbock TX 79424